## R. J. ALLISON v. STATE.

No. A-1898.    Opinion Filed May 22, 1915.

1. **TRIAL—Evidence—Sufficiency—Demurrer.** When the evidence introduced on behalf of the state fails to establish the crime charged in the information, and a demurrer is interposed to the evidence, the same should be sustained and the accused discharged.

2. **EVIDENCE—Burden of Proof—Dismissal.** It is the duty of the law officers of the state to introduce testimony to establish the contentions of the state beyond a reasonable doubt in all criminal cases, and when this cannot be done, prosecution should not be instituted.

(Syllabus by the Court.)

*Appeal from County Court, Tulsa County;*
*N. J. Gubser, Judge.*

R. J. Allison was convicted of gaming, and appeals. Reversed.

*Davidson & Williams,* for plaintiff in error.

*C. J. Davenport,* Asst. Atty. Gen., for the State.

ARMSTRONG, J. The plaintiff in error, R. J. Allison, was convicted at the November, 1912, term of the county court of Tulsa county on an information which charged him with permitting certain devices and tables to be set up for the purpose of gambling, on the ground floor of the Kellman building in the city of Tulsa, and his punishment fixed at a fine of $200.

J. C. Wann and Frank Harlow testified on behalf of the state that they were acting in the capacity of deputies to the township constable; that they went up to the second story of the Kellman building and saw certain gambling games in a room on that floor. Neither of these witnesses gave any testimony which indicated that the plaintiff in error Allison was ever seen in the building or had anything to do with the rooms in question, or with the second floor of the building in question; nor did they give any testimony that he was in possession of or seen around the games. Nothing is said in the testimony by these two witnesses concerning the ground floor of the building and nothing to indicate that the plaintiff in error had anything to do therewith.

C. W. McCarty was called as a witness on behalf of the state, and he testified that he was in possession of the ground floor of the building and conducted the Wonderland Theatre there. He further testified that he had a lease on the entire building; that several months prior he had rented the second story of the building to Allison; that he did not know whether Allison was in possession of the same or not; that there were eight or nine rooms on the second floor.

There was no testimony offered to establish Allison's connection with the offense charged.

Counsel for plaintiff in error interposed a demurrer to the evidence introduced on behalf of the state, and requested the court to advise the jury to return a verdict of not guilty. The demurrer was overruled and the request to advise a verdict denied. The court should have sustained the demurrer and the plaintiff in error should have been discharged on the testimony, for the reason that it was incumbent on the part of the state to establish beyond a reasonable doubt that the plaintiff in error permitted the setting up of the games in question in the place in question. Ignoring the fact that the information alleged that this offense was committed in one place and the proof clearly tended to establish the fact that it was committed in another, if at all, there is no testimony which tends to establish that the plaintiff in error Allison had anything whatever to do with the transaction or knew anything about it. The state should have been able to show that Allison was in possession of the building and that he permitted the setting up of these games as charged in the information. The officers nowhere in their testimony indicate that they ever saw Allison anywhere around the building or about the tables, and offer no other incriminating facts or circumstances.

The judgment is reversed and the cause remanded with directions to grant a new trial.

DOYLE, P. J., concurs.  FURMAN, J., absent.